DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JENNIFER K. KINCAID,

               Plaintiff,

                                  CIVIL ACTION

v.

                                  No. 05-2418-JWL-DJW

STACEY STURDEVANT,
et al.,

               Defendants.

## **ORDER**

This matter comes before the Court on the Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91) filed by Defendants Central Park Towers II Limited Partnership and Central Park Towers Limited Partnership (the "CPT Defendants"). The CPT Defendants request that the Court enter an Order compelling Plaintiff to supplement her initial disclosures to provide all information required by Fed. R. Civ. P. 26(a)(1)(C), and to pay their reasonable expenses in making the motion.

**I.**      **Background**

Pursuant to the Court's Scheduling Order (doc. 62) in this matter, the parties were directed to exchange their Rule 26(a)(1) initial disclosures by June 15, 2006. Plaintiff requested and obtained a brief extension of that deadline to June 17, 2006. She served her Initial Disclosures on June 16, 2006.

The CPT Defendants claim that after they compared the damages section of Plaintiff's Initial Disclosures to the damages requested in Plaintiff's Amended Complaint, it became apparent to them that

either Plaintiff had failed to comply fully with Rule 26(a)(1)(C), or else she had dropped several of the categories of damages claims she claimed in her Amended Complaint. They claim that although Plaintiff's Initial Disclosures provided some sketchy information about damages purportedly claimed for "pulmonary issues," "rape," "lost wages," and "lost personal property," the disclosures did not provide information about all of the categories and items of damages identified in Plaintiff's Amended Complaint, such as actual damages for "loss of her reputation in the community, mental anguish, extreme anxiety, humiliation, pain, [and] suffering," and punitive damages.

On June 23, 2006, counsel for the CPT Defendants sent a letter to Plaintiff asking that her counsel either (1) confirm that the four categories of damages discussed in Section C of Plaintiff's Initial Disclosures were the only categories of damages in this action, or (2) provide the information and documents required to be disclosed pursuant to Rule 26(a)(1)(C) as to all categories of damages sought that are not covered by Plaintiff's Initial Disclosures. After receiving no documents from Plaintiff on or after June 30, 2006, and no response to the letter from Plaintiff by the July 10 date requested, counsel for the CPT Defendants sent an e-mail to Plaintiff's counsel on July 12, 2006. This e-mail noted the 30-day deadline for filing discovery motions under D. Kan. Local Rule 37.1 and gave Plaintiff an additional opportunity to provide the requested response and/or information by the end of the day on Friday, July 14, 2006. Plaintiff did not respond. The CPT Defendants then filed the instant Motion to Compel on July 17, 2006. Plaintiff has not filed any opposition to this motion within the 14-day time permitted under D. Kan. Rule 6.1(d)(1).

## II.   Discussion

Federal Rule of Civil Procedure 26(a)(1)(C) requires that a party, without waiting a discovery request, provide the following information:

> a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

Under this Rule, the CPT Defendants are entitled to a specific computation of each of Plaintiff's categories of damages claimed.[1]

The CPT Defendants assert that it is not entirely clear whether Plaintiff is continuing to claim damages beyond the four categories of damages ("pulmonary issues," "rape," "lost wages," and "lost personal property") identified in Section C of Plaintiff's Initial Disclosures. Plaintiff has agreed to withdraw her claim for defamation and certain other claims asserted in her Amended Complaint, and the Court has dismissed three additional claims. Thus, it appears that Plaintiff is no longer claiming damages for matters such as "loss of her reputation in the community." If Plaintiff is claiming damages beyond the four categories of damages identified in her Initial Disclosures, she should provide the computation(s) and other information required by Rule 26(a)(1)(C) without further delay. Otherwise, she should be barred from claiming such damages in this action, pursuant to Rule 37(c)(1). Consequently, they request that the Court enforce Rule 26(a)(1)(C) by directing Plaintiff to provide all information required under that Rule without further delay.

Hearing no opposition from Plaintiff within the D. Kan. 6.1(d)(1) time permitted to file a response to non-dispositive motions, the Court will therefore grant the CPT Defendants' Motion to Compel.[2]

---

[1] *Clayman v. Starwood Hotels & Resorts Worldwide*, 343 F. Supp. 2d 1037, 1047 (D. Kan. 2004).

[2] *See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.")

**IT IS THEREFORE ORDERED THAT** the CPT Defendants' Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91) is granted. No later than **August 18, 2006**, Plaintiff shall serve supplemental Initial Disclosures on all parties pursuant to Fed. R. Civ. P. 26(a)(1). Plaintiff's supplemental Initial Disclosures shall provide all information concerning all categories of damages claimed, as required by Fed. R. Civ. P. 26(a)(1)(C).

**IT IS FURTHER ORDERED THAT** Plaintiff shall show cause to the undersigned Magistrate Judge in a written pleading filed with the Court by **August 18, 2006**, why she should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), the CPT Defendants' reasonable expenses, including attorney's fees, incurred in making their motion to compel.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of August, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel