## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER K. KINCAID,

        Plaintiff,

v.

STACEY STURDEVANT,
et al.,

        Defendants.

CIVIL ACTION

No. 05-2418-JWL-DJW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Motion for Discovery Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110) filed by Defendants Central Park Towers II Limited Partnership and Central Park Towers Limited Partnership (the "CPT Defendants"), the Joint Motion by the CPT Defendants and Defendant Sturdevant to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113), and Plaintiff's Motion for Extension of Time to Disclose Experts (doc. 117). As explained below, the CPT Defendants' Motion for Discovery Sanctions Against Plaintiff is granted in part and denied in part, Defendants' Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production is granted, and Plaintiff's Motion for Extension of Time to Disclose Experts is denied.

**I.**    **Background**

On July 17, 2006, the CPT Defendants filed a Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91). Plaintiff never filed any opposition to the motion within the fourteen-day time permitted under D. Kan. Rule 6.1(d)(1). On August 3, 2006, the Court granted the CPT Defendants' motion as unopposed under

D. Kan. Rule 7.4, and ordered Plaintiff to serve her supplemental Initial Disclosures by August 18, 2006.[1] The Order further required Plaintiff to show cause by August 18, 2006, why she should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), the CPT Defendants' reasonable expenses, including attorney's fees, incurred in making their motion to compel. Plaintiff never filed a response to the Court's show cause order.

On September 6, 2006, the CPT Defendants filed their Motion for Discovery Sanctions. They request that the Court enter an Order (1) barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures served on June 16, 2006; and (2) directing that Plaintiff pay the CPT Defendants' reasonable expenses, including attorney's fees, incurred in connection with their Motion to Compel Plaintiff to Provide Complete Damages Information and this Motion for Discovery Sanctions. In support of their motion, they state that Plaintiff failed to serve any supplemental Initial Disclosures by August 18, 2006, as directed by the Court's August 3, 2006 Order, and, to date, Plaintiff has not served any supplemental damage disclosures. Plaintiff never filed any response in opposition to the CPT Defendants' Motion for Discovery Sanctions.

On September 19, 2006, the CPT Defendants and Defendant Sturdevant filed their Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (doc. 113). They request that the Court to enter an Order requiring Plaintiff to respond fully, and without objection, to: (a) Defendant CPT L.P.'s First Set of Interrogatories, (b) Defendant CPT L.P.'s First Request for Production of Documents, (c) Defendant Sturdevant's First Set of Interrogatories, and (d) Defendant Sturdevant's First Request for Production of Documents. Defendants also request that the Court order Plaintiff to pay their attorney's fees and costs associated with Plaintiff's failure to

---

[1] *See* doc. 94.

respond to these discovery requests and the filing of the motion to compel. Plaintiff failed to file any response in opposition to this motion.

On September 30, 2006, Plaintiff filed a Motion for Extension of Time to Disclose Experts (doc. 117) in which she requests an order extending the date to disclose the name of her experts to October 30, 2006. Defendants filed their response in opposition to the motion arguing that Plaintiff's motion fails to provide the specific information necessary to establish good cause for modifying the Scheduling Order and granting such extension would result in the need to change other deadlines.

## II.     Motion for Discovery Sanctions (doc. 110)

The CPT Defendants' Motion for Discovery Sanctions seeks an order (1) barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures served on June 16, 2006; and (2) directing that Plaintiff pay the CPT Defendants' reasonable expenses, including attorney's fees, incurred in connection with their July 17, 2006 Motion to Compel, which was granted by the Court on August 3, 2006, and their present Motion for Discovery Sanctions.

### A.     Request to bar Plaintiff from recovering damages not disclosed

In their Motion for Discovery Sanctions, the CPT Defendants request sanctions against Plaintiff in the form of an order barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures served on June 16, 2006.

Federal Rule of Civil Procedure 37(c)(1) precludes a party who, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e)(1), unless such failure is harmless, from using the witness or information not disclosed as evidence at trial, at a hearing, or

on a motion.[2] In applying this rule, the court must first determine whether substantial justification for failing to make the required disclosures exists.[3] If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[4] Failure to disclose is considered harmless when there is "no prejudice to the party entitled to the disclosure."[5] The burden to establish harmlessness is on the party who failed to make the required disclosure.[6]

In this case, Plaintiff served her Initial Disclosures on June 16, 2006. After reviewing these Initial Disclosures, the CPT Defendants filed a motion to compel Plaintiff to serve supplemental initial disclosures. The CPT Defendants claimed that after they compared the damages section of Plaintiff's Initial Disclosures to the damages requested in Plaintiff's Amended Complaint it became apparent that either Plaintiff had failed to comply fully with Rule 26(a)(1)(C), or she had dropped several of the categories of damages claims she claimed in her Amended Complaint. The CPT Defendants argued that although Plaintiff's Initial Disclosures provided some sketchy information about damages purportedly claimed for "pulmonary issues," "rape," "lost wages," and "lost personal property," the disclosures did not provide information about all of the categories and items of damages identified in Plaintiff's Amended Complaint, such as actual damages for "loss of her reputation in the community, mental anguish, extreme anxiety, humiliation, pain, [and] suffering,"

---

[2] Fed. R. Civ. P. 37(c)(1).

[3] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 639 (D. Kan. 2001).

[4] *Id.*

[5] *Id.*

[6] *Id.*

and punitive damages. The Court agreed with the CPT Defendants and ordered Plaintiff to provide supplemental initial disclosures concerning all categories of damages claimed, as required by Fed. R. Civ. P. 26(a)(1)(C). Plaintiff has never provided any such supplemental damage disclosures.

The CPT Defendants now request an order barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures. Although Plaintiff has not shown that her failure to disclose any supplemental initial damages, other than those set forth in her initial disclosures, was substantially justified or that such failure to disclose is harmless, the Court will nonetheless will deny at this time the CPT Defendants' request to bar Plaintiff from recovering any damages other than those disclosed in her Initial Disclosures served on June 16, 2006.

### B. Request for reasonable expenses

The CPT Defendants also request that the Court order Plaintiff to pay their reasonable expenses, including attorney's fees, incurred in connection with two motions: their July 17, 2006 Motion to Compel Plaintiff to Provide Complete Damages Information, and their present Motion for Discovery Sanctions.

When a motion to compel disclosures is granted, Fed. R. Civ. P. 37(a)(4)(A) provides that the award of expenses and fees to the moving party is mandatory, unless certain exceptions apply. The Rule provides in pertinent part: "If the motion [to compel discovery] is granted . . . the court *shall,* after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court

finds . . . that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."[7]

As Plaintiff has not filed any response to the Motion to Compel, the Court cannot find that any of the stated exceptions apply here. The Court notes that it is not required to hold a hearing before awarding these expenses and fees. Although the Court must afford the non-disclosing party an "opportunity to be heard,"[8] the Court may consider the issue of expenses and fees "on written submissions."[9] Here, the Court expressly provided Plaintiff with an opportunity to be heard when it ordered her to show cause why she should not be required to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), the CPT Defendants' reasonable expenses, including attorney's fees, incurred in making their motion to compel supplemental initial disclosures. Plaintiff never filed any response to the Court's show cause order. The CPT Defendants then filed their Motion for Sanctions now pending before the Court in which they expressly request that the Court award them their expenses and fees incurred in bringing both motions. Again, Plaintiff failed to file any response to the CPT Defendants' Motion for Sanctions. The Court thus finds that Plaintiff has had sufficient "opportunity to be heard" within the meaning of Rule 37(a)(4).[10] As Plaintiff has been provided sufficient opportunity to be heard on the issues of sanctions and has not responded, the Court will grant the

---

[7] Fed. R. Civ. P. 37(a)(4)(A) (emphasis added).

[8] *Id.*

[9] *Bradley v. Val-Mejias*, No. 00-2395-GTV, 2001 WL 124339, at *11 n.7 (D. Kan. Oct. 9, 2001) (citing Fed.R.Civ.P. 37(a)(4) advisory committee's note).

[10] *See Boilermaker-Blacksmith Nat'l Pension Fund v. Nevada Boiler Works, Inc.,* No. 96-2168-GTV, 1997 WL 118443 (D. Kan. Mar. 11, 1997) ("opportunity to be heard" requirement of Rule 37(a) satisfied where party had opportunity to address, but did not address, sanctions in response to motion to compel containing request for sanctions).

CPT Defendant's request for expenses and fees incurred for both their Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91) and Motion for Discovery Sanctions (doc. 110).

To the extent possible, sanctions should be imposed only upon the person or entity responsible for the sanctionable conduct.[11] The sanctioning of a party, as opposed to the party's counsel, "requires specific findings that the party was aware of the wrongdoing."[12] At present, the Court has no evidence that Plaintiff was responsible for the failure to respond to the discovery requests or the motions. However, if Plaintiff or her counsel wish to provide the Court with evidence in this regard, they may do so in the pleading(s) filed with the Court pursuant to the schedule set forth below. The Court will defer ruling on this issue until it has received the parties' pleadings.

To aid the Court is determining the proper amount to award, counsel for the CPT Defendants shall file, by **November 13, 2006**, an affidavit itemizing the expenses and attorney's fees that the CPT Defendants have incurred in bringing their Motion to Compel Plaintiff to Provide Complete Damages Information (doc. 91) and Motion for Discovery Sanctions (doc. 110). Plaintiff or her counsel shall have until **November 27, 2006** to file responses to the affidavit. Thereafter, the Court will issue an order specifying the amount of the award, the time of payment, and whether Plaintiff or her counsel shall pay the amount awarded to the CPT Defendants.

### III.     Motion to Compel Discovery (doc. 113)

---

[11]*McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 697 (D. Kan. 2000) (citing Fed. R. Civ. P. 37(a)(4)).

[12]*Id.*

In their Joint Motion to Compel, the CPT Defendants and Defendant Sturdevant request that the Court to enter an Order requiring Plaintiff to respond fully, and without objection, to: (a) Defendant CPT L.P.'s First Set of Interrogatories, (b) Defendant CPT L.P.'s First Request for Production of Documents, (c) Defendant Sturdevant's First Set of Interrogatories, and (d) Defendant Sturdevant's First Request for Production of Documents. They also request that the Court order Plaintiff to pay their attorney's fees and costs associated with Plaintiff's failure to respond to these discovery requests and the filing of the motion to compel.

### A.   Request to compel discovery responses

The CPT Defendants and Defendant Sturdevant request that the Court to enter an Order requiring Plaintiff to respond fully, and without objection, to the following sets of discovery:

(a) Defendant CPT L.P.'s First Set of Interrogatories,
(b) Defendant CPT L.P.'s First Request for Production of Documents,
(c) Defendant Sturdevant's First Set of Interrogatories, and
(d) Defendant Sturdevant's First Request for Production of Documents.

Hearing no objection from Plaintiff, the Court will grant Defendants' Motion to Compel as unopposed pursuant to D. Kan. Rule 7.4. No later than **November 27, 2006**, Plaintiff shall serve, without objection, her responses to Defendant CPT L.P.'s First Set of Interrogatories and Defendant Sturdevant's First Set of Interrogatories and shall produce for inspection and copying all documents responsive to Defendant CPT L.P.'s First Request for Production of Documents and Defendant Sturdevant's First Request for Production of Documents.

### B.   Request for reasonable expenses

Defendants also request their attorney's fees and costs associated with Plaintiff's failure to respond to these discovery requests and the filing of the motion to compel. Although Plaintiff has

had an opportunity to be heard on the issue of Defendants' request for their reasonable expenses and has not responded, the Court will grant Plaintiff an additional opportunity to be heard. **By November 27, 2006**, Plaintiff shall show cause to the undersigned Magistrate Judge in a written pleading filed with the Court why she or her counsel should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendants' reasonable expenses, including attorney's fees, incurred in making their Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113). Plaintiff is cautioned that failure to respond to the Court's show cause order above will most likely result in the award of further sanctions against Plaintiff or her counsel.

**IV.     Plaintiff's Motion for Extension of Time to Disclose Experts (doc. 117)**

Plaintiff has filed a Motion for Extension of Time to Disclose Experts in which she requests an order extending the date to disclose the name of her experts to October 30, 2006. In support of her motion, she states that the requested extension of time is necessary due to scheduling conflicts and current caseload. Defendants have filed their response opposing the motion (doc. 119) arguing that Plaintiff's motion fails to provide the specific information necessary to establish good cause for modifying the Scheduling Order and granting such extension would result in the need to change other deadlines. They argue that it is Plaintiff's failure to provide basic information about her claims that has prevented them from moving this case forward in discovery. They point out that Plaintiff has not been diligent in prosecuting this action and has repeatedly violated her obligations in discovery. Plaintiff still has not provided any responses to the interrogatories and requests for production served on June 21, 2006, or Defendant Sturdevant's written discovery served on July 7,

2006. Nor has Plaintiff provided any supplementation to her Initial Disclosures as ordered by the Court on Aug. 3, 2006 (doc. 94).

The Court agrees with Defendants that Plaintiff has failed to show good cause for extending the deadline to disclose the name of her expert. Plaintiff's Motion for an Extension of Time to Disclose Experts is therefore denied.

**IT IS THEREFORE ORDERED THAT** the CPT Defendants' Motion for Discovery Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110) is granted in part and denied in part. The CPT Defendants' request for an award of expenses and attorney fees against Plaintiff is granted, and the CPT Defendants shall file by **November 13, 2006**, an affidavit itemizing the expenses and attorney's fees that the CPT Defendants have incurred in bringing their Motion to Compel Plaintiff to Provide Complete Damages Information (doc. 91) and Motion for Discovery Sanctions (doc. 110). Plaintiff and/or her counsel shall have until **November 27, 2006** to file responses to the affidavit. Thereafter, the Court will issue an order specifying the amount of the award, the time of payment, and whether Plaintiff or her counsel shall pay the amount awarded to the CPT Defendants. The Motion for Discovery Sanctions is otherwise denied.

**IT IS FURTHER ORDERED THAT** the CPT Defendants' Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (doc. 113) is granted. No later than **November 27, 2006**, Plaintiff shall serve, without objection, her responses to Defendant CPT L.P.'s First Set of Interrogatories and Defendant Sturdevant's First Set of Interrogatories and shall produce for inspection and copying all documents responsive to Defendant CPT L.P.'s First Request for Production of Documents and Defendant Sturdevant's First Request for Production of Documents. **By November 27, 2006**, Plaintiff shall further show cause to the undersigned Magistrate Judge in

a written pleading filed with the Court why she or her counsel should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendants' reasonable expenses, including attorney's fees, incurred in making their Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Extension of Time to Disclose Experts (doc. 117) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 31st day of October, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel