**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

JENNIFER K. KINCAID,

    Plaintiff,                                                           Civil Action

v.                                                               Case No. 05-2418-JWL-DJW

STACY STURDEVANT, et al.

    Defendants.

**REPORT AND RECOMMENDATION**

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**BACKGROUND FACTS**

This suit arises out Plaintiff's eviction from her residence at Central Park Towers ("CPT"), an apartment complex in Kansas City, Kansas. Plaintiff resided at CPT from May 1, 2003, until her eviction became effective on February 1, 2005. Defendants allege that Plaintiff was evicted based on violations of her lease, including: (1) disturbing and/or harassing other residents; (2) failure to obey quiet hours; (3) cursing at management; (4) permitting prohibited persons to enter the property; and (5) allowing guests to participate in drunk and disorderly conduct. Based on these combined

violations, Defendants issued Plaintiff a notice of eviction on October 18, 2004. Defendants then obtained an order of eviction from the District Court of Wyandotte County, Kansas, on January 19, 2005. Based on the judgment issued by that court, Plaintiff was ordered to surrender possession of her residence at CPT as of February 1, 2005.

Plaintiff, in response to Defendants' actions, filed a Petition in the District Court of Wyandotte County, Kansas, on September 7, 2005, alleging that she was wrongfully evicted from her apartment in CPT, a public housing facility. Plaintiff alleges in her Petition that CPT's apartment building manager, Defendant Stacey Sturdevant, targeted her for eviction based on the mixed race of Plaintiff's daughter and the race of Plaintiff's boyfriend at the time. Defendant Sturdevant removed the action to this Court on September 28, 2005.

On November 30, 2005, Plaintiff filed her Amended Complaint (doc. 12), which added several defendants in addition to Defendant Sturdevant: Apartment Investment and Management Company; AIMCO/Bethesda Holdings, Inc.; AIMCO-GP, Inc.; AIMCO-LP, Inc.; NHPMN Management, LLC; AIMCO Properties, LP (collectively "the AIMCO Defendants"); Central Park Towers Limited Partnership; and Central Park Towers II Limited Partnership; (collectively "the CPT Defendants"). In her Amended Complaint, Plaintiff asserted nineteen counts arising from her eviction from CPT.

On December 8, 2005, the Court granted Defendant Sturdevant's Unopposed Motion to Stay All Deadlines and stayed all case deadlines until February 23, 2006. Thereafter, the Court continued the Status Conference to April 19, 2006, granted Defendant Sturdevant an extension of time to answer, and granted Plaintiff's oral motion for an extension of time to serve Defendant Apartment Investment and Management Company.

The Scheduling Conference was held on May 15, 2006. Pursuant to the Court's Scheduling Order issued from the Scheduling Conference (doc. 62), the parties were to exchange their Rule 26(a)(1) initial disclosures by June 15, 2006 and all discovery was to be completed by December 31, 2006.

By Memorandum and Order dated July 7, 2006, District Judge John Lungstrum granted in part and denied in part the motions to dismiss filed by Defendant Sturdevant and the AIMCO Defendants. The motions to dismiss were granted as to eight causes of action,[1] and denied as to six other causes of action.[2]

On July 17, 2006, the CPT Defendants filed a Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C). The CPT Defendants requested that the Court enter an order compelling Plaintiff to supplement her initial disclosures to provide all information required by Fed. R. Civ. P. 26(a)(1)(C), and to pay the CPT Defendants' reasonable expenses in making the motion. As Plaintiff failed to file a response to the motion, the Court, on August 3, 2006, granted the CPT Defendants' motion as unopposed and ordered Plaintiff to serve supplemental initial disclosures on all parties pursuant to Fed. R. Civ. P. 26(a)(1) no later than August 18, 2006.[3] Plaintiff was further ordered to show cause by August 18, 2006, why she

---

[1]The following causes of action were dismissed by the Court: Americans with Disabilities Act (count 5), Kansas Human Rights Act (count 6), Kansas Consumer Protection Act (count 7), defamation (count 14 ), fraud (count 15), negligent misrepresentation (count 16), negligent hiring and retention (count 18) as to Defendant Sturdevant, and assault (count 19).

[2]The motions to dismiss were denied as to the following causes of action: breach of contract (count 8), intentional infliction of emotional distress (count 9), breach of the covenant of quiet enjoyment (count 11), wrongful eviction (count 12), retaliatory eviction (count 13), and conversion (count 17).

[3]*See* doc. 94.

should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), the CPT Defendants' reasonable expenses, including attorneys' fees, incurred in making their motion to compel.

On August 16, 2006, this Court held a telephone motion hearing on several motions. Plaintiff's oral motion for additional time to file an amended complaint was denied. Defendants' motions for additional time to file answers and make comparative fault identifications were granted, with such pleadings to be filed by August 25, 2006. Defendants filed their respective Answers to Plaintiff's Amended Complaint on August 25, 2006 (docs. 102, 105, 108).

On September 6, 2006, the CPT Defendants filed a Motion for Discovery Sanctions, in which they requested that the Court enter an order barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures served on June 16, 2006; and directing that Plaintiff pay the CPT Defendants' reasonable expenses, including attorneys' fees, incurred in connection with their Motion to Compel Plaintiff to Provide Complete Damages Information and Motion for Discovery Sanctions. In support of their Motion for Discovery Sanctions, they stated that Plaintiff failed to serve her supplemental initial disclosures by August 18, 2006, as directed by this Court's August 3, 2006 Order, and that Plaintiff had not served any supplemental damage disclosures. Plaintiff never filed any response in opposition to the CPT Defendants' Motion for Discovery Sanctions.

On September 19, 2006, the CPT Defendants and Defendant Sturdevant filed a Joint Motion to Compel Plaintiff to respond to the following discovery requests: (a) Defendant CPT L.P.'s First Set of Interrogatories, (b) Defendant CPT L.P.'s First Request for Production of Documents, (c) Defendant Sturdevant's First Set of Interrogatories, and (d) Defendant Sturdevant's First Request for Production of Documents. Defendants also requested their attorneys' fees and costs associated

4

with Plaintiff's failure to respond to these discovery requests and the filing of the motion to compel. Plaintiff failed to file any response in opposition to this motion.

On October 31, 2006, this Court issued an Memorandum and Order granting the CPT Defendants' request for an award of expenses and attorneys' fees against Plaintiff, and ordering the CPT Defendants to file an affidavit itemizing their expenses and attorneys' fees.[4] The Memorandum and Order indicated that a forthcoming order would be issued specifying the amount of the award, the time of payment, and whether Plaintiff or her counsel should pay the amount awarded. This Court also granted the CPT Defendants' Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production and ordered Plaintiff to serve, without objection, her responses to the interrogatories and produce all documents responsive to the requests for production by November 27, 2006. The Memorandum and Order further ordered Plaintiff to show cause by November 27, 2006 why she or her counsel should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendants' reasonable expenses, including attorneys' fees, incurred in making their Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents.

On November 27, 2006, Plaintiff filed her response to the Court's show cause order, in which she asserted that the circumstances of the case made an award of Defendants' expenses in filing the motions unjust. Those circumstances included counsel's reliance on three other attorneys agreeing to enter their appearances and assist with the prosecution of this case but then never entering their appearances. The response further stated that Plaintiff's discovery responses were delayed due to the relocation of counsel's office and loss of office personnel during the time the discovery

---

[4]*See* doc. 120.

responses were due. Plaintiff stated that she had since served her responses to the CPT and Defendant Sturdevant's discovery requests as ordered by the Court.

On December 22, 2006, before the Court issued its Order regarding the amount of sanctions to be imposed, Plaintiff filed the instant Motion to Dismiss certain counts with prejudice and other counts without prejudice.

On January 22, 2007, the Court issued an order staying the case and vacating the current schedule other than briefing on Plaintiff's Motion to Dismiss.

By Minute Order dated February 16, 2007 (doc. 157), District Judge John Lungstrum referred Plaintiff's Motion to Dismiss (doc. 141) to the undersigned Magistrate Judge for report and recommendation. This Court respectfully submits the following report and proposed findings:

## REPORT AND PROPOSED FINDINGS

In her Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a), Plaintiff seeks to dismiss with prejudice the following claims: Section 1982 claims (Count 1), Fair Housing Act (Count 2), Title VI (Count 3), and Rehabilitation Act (Count 4). She also requests that the Court dismiss without prejudice, with leave to refile, the remaining eight state law claims: Breach of contract (Count 8); intentional or reckless infliction of emotional distress (Count 9); negligent maintenance and repair (Count 10); breach of the covenant of quiet enjoyment (Count 11); wrongful eviction (Count 12 ); retaliatory eviction (Count 13); conversion (Count 17); and negligent hiring and retention as to all Defendants with the exception of Defendant Sturdevant (Count 18).

Plaintiff also requests that no costs be assessed or curative conditions be imposed for such dismissal. In support of her request, she states that her current medical condition prohibits her from materially participating in the case. Second, she argues that Defendants will not be prejudiced by

this dismissal because their work in this case will be used in the refiled case. Further, when this case is refiled, Defendants will have the advantage of the discovery they have already performed, including executed releases to collect Plaintiff's medical and social security records. Plaintiff also states in support of her request that no costs be assessed against her that Defendants failed to cooperate with her to schedule their corporate and individual witnesses for deposition after multiple requests that dated back to August of 2006. Additionally, when it became apparent that both parties were going to need more time to complete discovery, Defendants acted non-cooperatively to develop a jointly submitted amended discovery schedule even though there was more than enough time to complete discovery before the July 10, 2007 trial.

The AIMCO and CPT Defendants have filed their joint opposition to Plaintiff's Motion to Dismiss (doc. 148).[5] They argue that Plaintiff's requested piecemeal dismissal is not proper under Fed. R. Civ. P. 41(a). Defendants object to Plaintiff's voluntary dismissal of this action (or any of her claims) without prejudice and with leave to refile it in federal court or in state court, considering Plaintiff's wilful and blatant disregard of the Court's Orders, repeated discovery violations, failure to participate in the discovery process in a meaningful fashion, and failure to prosecute this case in a timely fashion, all of which have severely prejudiced Defendants. They argue that Plaintiff should not be permitted to escape the consequences of her discovery abuses.

Federal Rule of Civil Procedure 41(a)(2) governs voluntary dismissals after the opposing party has filed an answer or motion for summary judgment. Once defendants have filed their answers, as is the case here, a plaintiff may voluntarily dismiss an action only upon order of the

---

[5]Defendant Sturdevant filed no response in opposition to Plaintiff's Motion to Dismiss.

court.[6] Rule 41(a)(2) "is designed 'primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'"[7] Absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal.[8]

"The parameters of what constitutes 'legal prejudice' are not entirely clear," but factors the Tenth Circuit has held the district court should consider include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of the litigation."[9] Each factor does not have to favor the moving party for dismissal to be appropriate, nor does each factor need to favor the opposing party for denial of the motion to be proper.[10] The list of factors is not exclusive and the court has discretion to, and should, consider other relevant factors in order to "insure substantial justice is accorded to both parties."[11]

### A. The Opposing Party's Effort and Expense in Preparing for Trial

Plaintiff contends that all the factors for determining whether a defendant will incur a legal prejudice, as well as the equities of the parties, weigh in favor of allowing her to voluntarily dismiss some of her claims without prejudice. She asserts that the first factor weighs in favor of allowing her to voluntarily dismiss this case without prejudice because Defendants have not expended

---

[6] Fed. R. Civ. P. 41(a)(2).

[7] *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993) (citation omitted).

[8] *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir.1997).

[9] *Id.* (citing *Phillips U.S.A., Inc. v. Allflex U.S.A., Inc.*, 77 F.3d 354, 358 (10th Cir.1996)).

[10] *Id.*

[11] *Id.* (citing 9 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2364 at 278 (2d ed.1994)).

excessive effort or incurred significant expense in preparing for trial. The trial in this case is not set until July 10, 2007. No depositions of fact or expert witnesses have taken place in this case and all of the discovery that has occurred to date will be beneficial to Defendants in the subsequent action. She also argues that Defendants will not incur any duplicative expense in obtaining discovery in the subsequent action. Also, Defendants have not filed any dispositive motions on the merits in this case. According to Plaintiff, under these facts, this factor weighs in favor of allowing her to voluntarily dismiss some of her claims.

The AIMCO and CPT Defendants counter that they have expended significant effort and incurred considerable expense in attempting to conduct discovery and prepare for trial. They e-mailed, faxed, called, and sent letters to Plaintiff about discovery matters and, when Plaintiff failed to respond, Defendants were required to file numerous motions with the Court in their continuing effort to obtain discovery from Plaintiff. These motions included: (1) the CPT Defendants' Motion to Compel Plaintiff to Provide Complete Damages Information (doc. 91), (2) the CPT Defendants' Motion for Discovery Sanctions Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110), (3) the CPT Defendants' and Sturdevant's Joint Motion to Compel Plaintiff to Respond to Interrogatories and Document Requests (doc. 113), and (4) the AIMCO Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests (doc. 126).

Defendants point out that, in addition to having to file several motions to compel due to Plaintiff's failure to respond to discovery requests, Plaintiff has failed to comply with the Court's October 31, 2006 Order directing her to "serve, without objection, her responses to Defendant CPT L.P.'s First Set of Interrogatories and Defendant Sturdevant's First Set of Interrogatories" and to "produce for inspection and copying all documents responsive to Defendant CPT L.P.'s First

Request for Production of Documents and Defendant Sturdevant's First Request for Production of Documents" no later than November 27, 2006 by not providing her responses until November 29 and 30 and by not producing any documents until December 1, 2006, and only after numerous telephone calls, a letter and e-mails initiated by defense counsel. Defendants also state that Plaintiff failed to appear for her properly noticed deposition on December 8, 2006.

Although Defendants have shown numerous instances where Plaintiff's lack of responsiveness caused Defendants to incur additional expenses in litigating this case, this Court is not persuaded that this first factor weighs against dismissal. Any potential prejudice to Defendants can be alleviated by requiring Plaintiff to pay the expenses and attorneys' fees that Defendants incurred in filing the discovery motions necessitated by Plaintiff's failure to respond. Typically, a court imposes as a condition of dismissal without prejudice that the plaintiff pay the defendant's expenses incurred in defending the lawsuit, which may include a reasonable attorneys' fee.[12] Plaintiff has indicated her intent to refile these counts in a new lawsuit; therefore, requiring Plaintiff to pay to Defendants the expenses and attorneys' fees they incurred in connection with their discovery motions, is an appropriate curative condition in this case.

### B. Excessive Delay and Lack of Diligence by Plaintiff

Defendants argue that Plaintiff has flagrantly disregarded the Court's August 3, 2006 and October 31, 2006 Orders. They state they still have not received any meaningful responses to their discovery requests and they remain largely uninformed about all aspects of Plaintiff's claims, witnesses, exhibits, and all other aspects of Plaintiff's case. They further assert that Plaintiff has failed to prosecute this case with any diligence. Plaintiff has served no written discovery on any

---

[12]*United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir.2002).

defendant, with the exception of her untimely interrogatories to the AIMCO Defendants. Plaintiff also has not pursued the taking of any depositions in a timely manner.

In her reply, Plaintiff argues that she has not caused excessive delay. She admits there may have been some delay on her part in moving this case forward due to her health condition and her counsel's relocation of his office and loss of office personnel, but any such delay pales in comparison to the Defendants' delays and obstructions in moving this case forward. She alleges that Defendants bear some of the blame for any delay. For instance, Defendants failed to prepare for or participate in conciliation in good faith, even though Plaintiff spent many hours preparing for such conciliation and incurred a great deal of costs. Defendants also refused to provide a timely settlement offer as promised on numerous occasions. Moreover, defense counsel failed to provide dates when defense witnesses could be deposed, despite numerous requests for dates from Plaintiff's counsel. She also points out that Defendants requested an extensive stay in this case, and the actual time period that case was open for discovery was relatively short.

The record in this case reflects Plaintiff's lack of diligence in participating in discovery and forcing Defendants to file motions to compel to obtain the discovery sought. This Court therefore finds that Plaintiff has caused delay and has failed to prosecute this case with diligence. Accordingly, this factor weighs against dismissal without prejudice.

### C. Sufficiency of Explanation of Need for Dismissal

Plaintiff requests dismissal for two reasons: (1) Her physical health problems prevent her from moving forward with the case at this time; and (2) her counsel originally consisted of four attorneys, but now consists of only one attorney. First, Plaintiff explains that her current medical condition of severe back pain prohibits her from materially participating in the case. In her affidavit,

11

Plaintiff states that in November 2006, her back pain reached a severe level and she had to go the emergency room. A subsequent MRI revealed two bulging discs and a pinched nerve. She states that this back pain, along with the side effects of her current medications, would make it difficult for her to sit for an entire day to give her deposition.

Second, Plaintiff asserts that her counsel originally consisted of a team of four attorneys. This team of attorneys was necessary to combat the various discovery requests and motions to be filed by the various Defendants and multiple defense counsel in this case. Unfortunately, three of these attorneys failed to enter their appearances in this case and failed to assist in prosecuting this action. Plaintiff seeks to voluntarily dismiss this case so that she may assemble the resources needed to prosecute this case. Plaintiff represents that, at that time, she will refile this action.

This Court finds Plaintiff has sufficiently explained the need for a dismissal and that this third factor weighs in favor of dismissal without prejudice.

### D. The Present Stage of the Litigation.

Plaintiff argues that the last factor weighs in favor of allowing her to voluntarily dismiss this case. Plaintiff states that her Motion to Dismiss was filed within twelve months after the stay requested by the Defendants was lifted in this case and within four months of Defendants filing their respective Answers to the Amended Complaint. It was also filed prior to the deadline for close of discovery. No depositions have been taken in this case and no dispositive motions on the merits of the case have been filed. Trial in this matter is not set until July 10, 2007.

Defendants argue that Plaintiff did not move for dismissal until discovery was nearing completion. Plaintiff filed her motion on December 22, 2006, and discovery was set to close on December 31, 2006. Defendants contend that Plaintiff has had ample opportunity to conduct

discovery, but failed to do so. Plaintiff should not be allowed a second discovery period by refiling her case when she failed to utilize the first discovery period. Just as significantly, Plaintiff did not file her Motion to Dismiss until after Defendants filed their Joint Motion for Sanctions, seeking dismissal of the case based on Plaintiff's discovery abuses. Defendants submit that all of their efforts to hold Plaintiff accountable for her discovery abuses would be for naught if the Court allows dismissal without prejudice at this time.

This Court considers the following to be the most relevant to determining whether dismissal without prejudice would be appropriate: Plaintiff's motion to dismiss was filed a week before the close of discovery, eight weeks before the dispositive motion deadline, and approximately six months before trial. Because the motion to dismiss was filed in the relatively early stage of the litigation before the close of discovery and well before the deadline for filing dispositive motions, this Court finds that this factor weighs in favor of allowing dismissal of Plaintiff's claims without prejudice.

Considering all four factors, and taking into account the ability to impose curative conditions on the parties, this Court finds Defendants will not suffer legal prejudice if Counts 8-13 and 17-18 are dismissed without prejudice, if such dismissal is subject to a number of curative conditions.

## **RECOMMENDATION**

This Court recommends that Plaintiff's Motion to Dismiss (doc. 141) be granted in part and denied in part. The following claims should be dismissed WITH PREJUDICE: Section 1982 claims (Count 1), Fair Housing Act (Count 2), Title VI (Count 3), and Rehabilitation Act (Count 4). The following remaining eight state law claims be dismissed WITHOUT PREJUDICE: Breach of contract (Count 8); intentional or reckless infliction of emotional distress (Count 9); negligent

maintenance and repair (Count 10); breach of the covenant of quiet enjoyment (Count 11); wrongful eviction (Count 12 ); retaliatory eviction (Count 13);  conversion (Count 17); and negligent hiring and retention as to all Defendants with the exception of Defendant Sturdevant (Count 18).  These eight counts should be dismissed without prejudice but subject to the following conditions if Plaintiff refiles them:

1. Upon refiling of this case, Plaintiff shall pay the Defendant(s) who filed the following discovery motions the reasonable attorneys' fees and expenses that each incurred in connection with the filing of said motion:

    - The CPT Defendants' Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91),

    - The CPT Defendants' Motion for Discovery Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110),

    - The CPT Defendants' and Sturdevant's Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113), and

    - The AIMCO Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests (doc. 126).

2. If the case is refiled, Plaintiff shall file the case in the District of Kansas and, at the time of refiling, shall notify the Clerk's Office that this action was previously assigned to District Judge John Lungstrum and Magistrate Judge David Waxse;

3. Plaintiff shall provide written discovery responses, without objection, to the discovery already served within 10 days of refiling the case;

4. Plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case; and

5. Should Plaintiff refile this case and fail to meet any of the above conditions, the Court shall, upon motion by Defendants, convert this dismissal into a dismissal with prejudice.

Respectfully submitted.

Dated in Kansas City, Kansas on this 9th day of March, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel and *pro se* parties