IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER K. KINCAID,

    Plaintiff,

    v.                                      Case No. 05-2418-JWL

STACEY STURDEVANT, et al.,

    Defendants.

_____

**MEMORANDUM AND ORDER**

Plaintiff Jennifer K. Kincaid filed this lawsuit arising out of her eviction from an apartment at Central Park Towers. This matter is now before the court on Plaintiff's Motion to Dismiss (doc. #141), in which she seeks to dismiss her federal claims with prejudice and to dismiss her state law claims without prejudice. Because defendants' objections to this motion were based on plaintiff's conduct during discovery, the court referred this motion to United States Magistrate Judge David J. Waxse for report and recommendation. The magistrate judge issued a Report and Recommendation (doc. #162) in which he recommended that the court permit plaintiff to dismiss her claims in the manner requested, but impose certain curative conditions upon refiling. He did not, however, resolve any of the outstanding discovery sanction issues. Plaintiff has now filed objections (doc. #163) to the report and recommendation. Therein, she objects to the proposed conditions that she be

required to refile her case in federal court and to pay defendants' attorneys fees and expenses incurred in connection with four discovery-related motions.

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a district court to dismiss an action without prejudice "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon the refiling of a case. *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Consequently, it is well settled that the court "should impose only those conditions which actually will alleviate harm to the defendant." *Id.*

In this case, the magistrate judge did not state how he believed the recommended restriction on venue would alleviate any asserted legal prejudice to defendants. He also did not state how the payment of attorneys' fees can be considered a curative condition, designed to alleviate harm to the defendant caused by the dismissal and possible subsequent refiling, where there has been no ruling on the outstanding sanction issues. Accordingly, the court recommits this matter to the magistrate judge with instructions to consider these issues.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections to Proposed Findings, Report and Recommendation (doc. #163) are sustained to the extent that

the court recommits this matter to the magistrate judge for further consideration of the propriety of the proposed curative conditions.

**IT IS SO ORDERED** this 4th day of May, 2007.

                                                    s/ John W. Lungstrum  
                                                   John W. Lungstrum  
                                                   United States District Judge