**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JENNIFER K. KINCAID,

   Plaintiff,           Civil Action

v.               Case No. 05-2418-JWL
STACY STURDEVANT, et al.,

    Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to such proposed findings and recommendations, including any findings of fact and conclusions of law.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

### BACKGROUND[1]

On March 9, 2007, this Court issued a Report and Recommendation regarding Plaintiff's Motion to Dismiss Counts With Prejudice and Without Prejudice, which recommended that four of Plaintiff's claims (Counts 1-4) be dismissed with prejudice.  It further recommended that the

---

[1]See March 9, 2007 Report and Recommendation (doc. 162) for recitation of underlying facts and procedural history of the case.

remainder of Plaintiff's claims (Counts 8-13, 17, and part of Count 18)[2] be dismissed without

prejudice, but subject to the following curative conditions if Plaintiff refiles them:

1.     Upon refiling of this case, Plaintiff shall pay the Defendant(s) who filed the
       following discovery motions the reasonable attorneys' fees and expenses that
       each incurred in connection with the filing of said motion:
       •        The CPT Defendants' Motion to Compel Plaintiff to Provide
                Complete Damages Information as Required by Fed. R. Civ. P.
                26(a)(1)(C) (doc. 91),
       •        The CPT Defendants' Motion for Discovery Sanctions Against
                Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc.
                110),
       •        The CPT Defendants' and Sturdevant's Joint Motion to Compel
                Plaintiff to Respond to Interrogatories and Requests for Production
                of Documents (doc. 113), and
       •        The AIMCO Defendants' Motion to Compel Plaintiff to Respond to
                Discovery Requests (doc. 126).

2.     If the case is refiled, Plaintiff shall file the case in the District of Kansas and,
       at the time of refiling, shall notify the Clerk's Office that this action was
       previously assigned to District Judge John Lungstrum and Magistrate Judge
       David Waxse;

3.     Plaintiff shall provide written discovery responses, without objection, to the
       discovery already served within 10 days of refiling the case;

4.     Plaintiff shall consent to the use, in any refiled action, of any material
       resulting from any discovery already conducted in this case; and

5.     Should Plaintiff refile this case and fail to meet any of the above conditions,
       the Court shall, upon motion by Defendants, convert this dismissal into a
       dismissal with prejudice.[3]

By Memorandum and Order dated May 4, 2007, Chief District Judge John W. Lungstrum

sustained Plaintiff's objections to the Report and Recommendation and recommitted the matter to

---

[2]Counts 5-7, 14-16, part of 18, and 19 of Plaintiff's Petition were dismissed by the Court's
July 7, 2006 Memorandum and Order (doc. 88) granting in part Defendant's motion to dismiss.

[3]Mar. 9, 2007 Rep. & Recommendation (doc. 162), p. 14-15.

this Court for further consideration of the propriety of two of the proposed curative conditions.

Specifically, the Memorandum and Order recommitted the matter because:

> the magistrate judge did not state how he believed the recommended restriction on venue would alleviate any asserted legal prejudice to defendants. He also did not state how the payment of attorneys' fees can be considered a curative condition, designed to alleviate harm to the defendant caused by the dismissal and possible subsequent refiling, where there has been no ruling on the outstanding sanction issues.[4]

After further consideration of the propriety of the two proposed curative conditions, this Court submits the following Supplemental Report and Recommendation.

## DISCUSSION

### 1.      Curative condition restricting venue

One of the curative conditions recommended is that Plaintiff be restricted to refiling her claims in the United States District Court for the District of Kansas, at which time the case would be assigned to the same district and magistrate judge who handled the matter previously.  Plaintiff originally filed her action in the District Court for Wyandotte County, Kansas, on September 7, 2005.  Defendant Sturdevant thereafter timely removed the action to this Court, asserting diversity in citizenship as a basis for the Court's jurisdiction.  After litigating the case for over a year, Plaintiff filed her motion to dismiss certain counts with prejudice and other counts without prejudice on December 22, 2006.  Defendant opposed the motion, but alternatively requested that, if the Court granted the motion, any dismissal without prejudice of her claims be subject to several curative conditions.

---

[4]Doc. 166, p. 2.

This Court recommended that certain of Plaintiff's claims be dismissed without prejudice, but subject to the curative condition restricting venue upon refiling. This condition sought to lessen the prejudice to Defendants that would be caused by Plaintiff refiling her claims in state court, which would then necessitate Defendants incurring additional attorneys' fees and expenses in removing the action to federal court. This restriction is intended to maintain the status quo of the litigation of Plaintiff claims, and not allow Plaintiff to garner a fresh start with a new court. Plaintiff has litigated her claims for well over a year before seeking to voluntarily dismiss those claims without prejudice. During that time several of her original claims were dismissed for failure to state a claim. Plaintiff's repeated failures to timely respond to Defendants' discovery requests, motions to compel, and the Court's discovery orders have resulted in significant additional work and expense for Defendants. Allowing Plaintiff to refile her claims in any court would unfairly prejudice Defendants, who have already incurred legal fees for litigating Plaintiff's claims the first time. If Plaintiff were permitted to refile in state court, then Defendants may have to incur the expenses of removing the action back to federal court, and possibly refiling motions to dismiss on claims that have been previously dismissed. This Court is already familiar with the facts, claims, and prior rulings in the case so restricting refiling of the case promotes judicial economy and the ". . . just, speedy, and inexpensive determination of every action" as required by Fed. R. Civ. P. 1. Finally, requiring Plaintiff to refile her claims in this Court will facilitate implementation of the curative condition that Plaintiff, upon refiling her claims, pay the reasonable attorneys fees and expenses incurred by Defendant in making their discovery motions.

### 2.      Curative condition requiring payment of attorney fees

One of the other curative conditions recommended is that, upon the refiling of her claims,

Plaintiff pay the reasonable attorneys' fees and expenses that each Defendant incurred in connection

with the filing of the following four motions:

> (1)      The CPT Defendants' Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91),
>
> (2)      The CPT Defendants' Motion for Discovery Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110),
>
> (3)      The CPT Defendants' and Sturdevant's Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113), and
>
> (4)      The AIMCO Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests (doc. 126).

All these motions were necessitated by Plaintiff's failures to respond to Defendants'

discovery requests, motions to compel, or the Court's show cause orders.  On July 17, 2006, the CPT

Defendants filed a Motion to Compel Plaintiff to Provide Complete Damages Information as

Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91).  The CPT Defendants requested that the Court

enter an order compelling Plaintiff to supplement her initial disclosures to provide all information

required by Fed. R. Civ. P.  26(a)(1)(C), and to pay the CPT Defendants' reasonable expenses in

making the motion.  As Plaintiff failed to file a response to the motion, the Court, on August 3, 2006,

granted the CPT Defendants' motion as unopposed and ordered Plaintiff to serve supplemental

initial disclosures on all parties pursuant to Fed. R. Civ. P. 26(a)(1) no later than August 18, 2006.[5]

---

[5]*See* doc. 94.

Plaintiff was further ordered to show cause by August 18, 2006, why she should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), the CPT Defendants' reasonable expenses, including attorneys' fees, incurred in making their motion to compel.  Plaintiff never filed any response the Court's August 3, 2006 show cause order.

On September 6, 2006, the CPT Defendants filed a Motion for Discovery Sanctions (doc. 110), in which they requested that the Court enter an order barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures served on June 16, 2006; and directing that Plaintiff pay the CPT Defendants' reasonable expenses, including attorneys' fees, incurred in connection with their Motion to Compel Plaintiff to Provide Complete Damages Information and Motion for Discovery Sanctions.  In support of their Motion for Discovery Sanctions, they stated that Plaintiff failed to serve her supplemental initial disclosures by August 18, 2006, as directed by this Court's August 3, 2006 Order, and that Plaintiff had not served any supplemental damage disclosures.  Plaintiff never filed any response in opposition to the CPT Defendants' Motion for Discovery Sanctions.

On September 19, 2006, the CPT Defendants and Defendant Sturdevant filed a Joint Motion to Compel (doc. 113) Plaintiff to respond to the following discovery requests:  (a) Defendant CPT L.P.'s First Set of Interrogatories, (b) Defendant CPT L.P.'s First Request for Production of Documents, (c) Defendant Sturdevant's First Set of Interrogatories, and (d) Defendant Sturdevant's First Request for Production of Documents.  Defendants also requested their attorneys' fees and costs associated with Plaintiff's failure to respond to these discovery requests and the filing of the motion to compel.   Plaintiff failed to file any response in opposition to this motion.

On October 31, 2006, this Court issued an Memorandum and Order granting in part and denying in part the CPT Defendants' Motion for Discovery Sanctions (doc. 110). This Court granted the CPT Defendants' request for an award of expenses and attorneys' fees against Plaintiff, and ordered the CPT Defendants' to file affidavits itemizing their expenses and attorneys' fees.[6] The Memorandum and Order indicated that a forthcoming order would be issued specifying the amount of the award, the time of payment, and whether Plaintiff or her counsel should pay the amount awarded. The October 31, 2006 Memorandum and Order also granted the CPT Defendants' Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (doc. 113) and ordered Plaintiff to show cause by November 27, 2006 why she or her counsel should not be ordered to pay, pursuant to Fed. R. Civ. P. 37(a)(4)(A), Defendants' reasonable expenses, including attorneys' fees, incurred in making the motion.

On November 15, 2006, counsel for the CPT Defendants filed an affidavit (doc. 124) itemizing the attorneys' fees and expenses incurred in connection with their Motion to Compel and Motion for Sanctions. According to the affidavit, the CPT Defendants incurred attorneys' fees totaling $2,149.50 in bringing the two motions.

On November 24, 2006, the AIMCO Defendants filed their Motion to Compel (doc. 126) discovery responses to their interrogatories and requests for production. Plaintiff's deadline for filing a response to the motion was December 8, 2006.

On November 27, 2006, Plaintiff filed her response to the Court's October 31, 2006 show cause order, in which she asserted that the circumstances of the case made an award of Defendants' expenses in filing the motions unjust. Those circumstances included counsel's reliance on three

---

[6]*See* doc. 120.

7

other attorneys agreeing to enter their appearances and assist with the prosecution of this case but then never entering their appearances.  The response further stated that Plaintiff's discovery responses were delayed due to the relocation of counsel's office and loss of office personnel during the time the discovery responses were due.  Plaintiff stated that she had since served her responses to the CPT Defendants and Defendant Sturdevant's discovery requests as ordered by the Court.

On December 22, 2006, before the Court issued an Order regarding the amount of sanctions to be imposed, Plaintiff filed her motion to dismiss certain counts with prejudice and other counts without prejudice.  That same day, she filed her response to the AIMCO Defendants' Motion to Compel, stating that the motion was moot in light the filing of her motion to dismiss.

If Plaintiff had not filed her motion to dismiss, this Court would have issued an order with its determination of the reasonable amount of attorneys' fees to be paid by Plaintiff on the four outstanding discovery motions.  Counsel for the CPT Defendants had already submitted an affidavit suggesting attorneys' fees of $2,149.50 incurred in bringing two of the motions.  The timing of Plaintiff's Motion to Dismiss a mere month after the filing of the affidavit gives the appearance of a tactical effort to evade imminent discovery sanctions in this case.

However, rather than issuing an order regarding reasonable expenses on the outstanding discovery motions, this Court recommended that Plaintiff be permitted to dismiss her claims without prejudice, subject to the curative condition that, upon the refiling of her claims, she pay the reasonable attorneys' fees and expenses that each Defendant incurred in connection with the filing of the four outstanding discovery motions.  This was to put Defendants back in the position they would have occupied if Plaintiff had not filed her motion to dismiss and to lessen the prejudice to Defendants by Plaintiff's strategic dismissal of her claims before the Court issued its order regarding

expenses.  The Court had already granted and had issued orders awarding Defendants their reasonable expenses on three of the motions.  Plaintiff failed to timely file her response to the AIMCO Defendants' Motion to Compel, so that motion would have likewise been granted as unopposed had Plaintiff not filed her motion to dismiss.  Because this Court would have ordered Plaintiff or her counsel to pay Defendants' reasonable expenses incurred in filing the four discovery motions if Plaintiff had not filed her motion to dismiss, it recommended a curative condition requiring Plaintiff to pay these reasonable expenses when she refiles her claims.

This Court recognizes that this curative condition will require a determination of the amount of reasonable expenses to be paid to Defendants at the time Plaintiff refiles her claims.  For effective implementation of this curative condition, this Court recommends a coordinating curative condition restricting Plaintiff to refiling her claims in this Court.  Because this Court is already familiar with the case, it can readily make any determinations regarding the amount of reasonable expenses to be paid to Defendants.

Respectfully submitted.

Dated in Kansas City, Kansas on this 1st day of August, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

9