# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JENNIFER K. KINCAID,**

    **Plaintiff,**

    **v.**                                         **Case No. 05-2418-JWL**

**STACEY STURDEVANT, et al.,**

    **Defendants.**

_____

## MEMORANDUM AND ORDER

Plaintiff Jennifer K. Kincaid filed this lawsuit against defendants asserting various federal law and state law claims arising out of her eviction from an apartment.[1] This matter is now before the court on Plaintiff's Motion to Dismiss (doc. #141) in which she seeks to dismiss her federal claims with prejudice and to dismiss her state law claims without prejudice. Because defendants' objections to this motion were based on plaintiff's conduct during discovery and were interrelated with the parties' outstanding discovery sanction issues, the court referred this motion to United States Magistrate Judge David J. Waxse for report and recommendation. The magistrate judge issued a Report and Recommendation in which he recommended, and a Supplemental Report and Recommendation in which he continued to recommend, that the court permit plaintiff to dismiss her claims in the manner requested but impose curative conditions upon refiling. This matter is now before the court

---

[1] For a background of the nature of the case, see generally *Kincaid v. Sturdevant*, 437 F. Supp. 2d 1219 (D. Kan. 2006).

on plaintiff's objections to those proposed curative conditions, as well as defendants' joint response thereto.

After careful consideration of this matter, the court will largely sustain plaintiff's objections and grant plaintiff's motion to dismiss by allowing her to dismiss her claims in this case as she requested. Specifically, the court will not impose the condition that plaintiff may refile her case only in this court. Additionally, the court will direct the magistrate judge to resolve outstanding issues concerning the amount of attorneys' fees and expenses to which defendants are entitled as discovery sanctions. To the extent that such sanctions are warranted, defendants are entitled to those fees and expenses regardless of whether plaintiff refiles her case. But, because defendants have not objected to the magistrate judge's proposal to effectively suspend payment of those fees and expenses until plaintiff refiles her case, the court will allow plaintiff to delay payment of those sanctions unless and until such time as she refiles her case against defendants or ten days after the magistrate judge issues his ruling, whichever occurs later. If plaintiff believes that this condition on refiling is too onerous, she may withdraw her notice of voluntary dismissal on or before **October 10, 2007**.

## BACKGROUND

The current procedural posture of this case is a result of an unfortunately lengthy and somewhat convoluted procedural history. Suffice it to say that defendants believed that plaintiff's conduct during discovery was so egregious that on December 7, 2006, the CPT

defendants[2] and the AIMCO defendants[3] filed a joint motion requesting that the court dismiss plaintiff's case pursuant to Rule 37(b)(2)(C) and/or Rule 41(b) of the Federal Rules of Civil Procedure as a sanction for repeated discovery violations and for failure to prosecute this case in a timely fashion. Before responding to defendants' motion, on December 22, 2006, plaintiff filed a motion to voluntarily dismiss her case pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Therein, plaintiff sought a court order allowing her to dismiss her federal claims with prejudice and to dismiss her remaining state law claims without prejudice. On January 2, 2007, plaintiff filed a response to defendants' motion for sanctions in which she argued that their motion was moot because she had moved to voluntarily dismiss her complaint. On January 16, 2007, defendants filed their response to plaintiff's motion in which they objected to the dismissal of any of plaintiff's claims without prejudice essentially for the reasons stated in their motion to dismiss. They argued that the only appropriate dismissal would be a dismissal with prejudice or, alternatively, that if a dismissal without prejudice were permitted the court should impose various curative conditions.

On January 22, 2007, the magistrate judge issued an order staying this case except with respect to plaintiff's motion to dismiss. Because defendants' objections to this motion were based on plaintiff's conduct during discovery and were interrelated with the parties'

---

[2] The CPT defendants include defendants Central Park Towers II Limited Partnership and Central Park Towers Limited Partnership.

[3] The AIMCO defendants include defendants Apartment Investment and Management Company, AIMCO/Bethesda Holdings, Inc., AIMCO-GP, Inc., AIMCO-LP, Inc., NHPMN Management, LLC, and AIMCO Properties, L.P.

outstanding discovery sanction issues, the undersigned referred plaintiff's motion to the magistrate judge for report and recommendation and stated that the court would "leave it to the magistrate judge's discretion to determine whether to rule on any of the other pending motions in this case in connection with his report and recommendation on plaintiff's motion to dismiss." Order, doc. #157. The magistrate judge issued a Report and Recommendation in which he recommended that the court permit plaintiff to dismiss her claims in the manner requested, but impose the following curative conditions upon refiling:

1. Upon refiling of this case, Plaintiff shall pay the Defendant(s) who filed the following discovery motions the reasonable attorneys' fees and expenses that each incurred in connection with the filing of said motion:
   - The CPT Defendants' Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91),
   - The CPT Defendants' Motion for Discovery Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110),
   - The CPT Defendants' and Sturdevant's Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113), and
   - The AIMCO Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests (doc. 126).
2. If the case is refiled, Plaintiff shall file the case in the District of Kansas and, at the time of refiling, shall notify the Clerk's Office that this action was previously assigned to District Judge John W. Lungstrum and Magistrate Judge David Waxse;
3. Plaintiff shall provide written discovery requests, without objection, to the discovery already served within 10 days of refiling the case;
4. Plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case; and
5. Should Plaintiff refile this case and fail to meet any of the above conditions, the Court shall, upon motion by Defendants, convert this dismissal into a dismissal with prejudice.

*See Kincaid v. Sturdevant*, Case No. 05-2418-JWL, 2007 WL 1341798, at *1-*8 (D. Kan. Mar. 9, 2007). The magistrate judge did not resolve any of the outstanding discovery sanction issues in connection with that Report and Recommendation.

Plaintiff filed objections to that Report and Recommendation in which she objected to the proposed conditions (1) and (2) above, i.e., that she be required to pay defendants' attorneys fees and expenses incurred in connection with the four discovery-related motions and that she may refile her case only in this court. On May 4, 2007, the court issued a Memorandum and Order sustaining plaintiff's objections on the grounds that the magistrate judge did not state how he believed the recommended restriction on venue would alleviate any asserted legal prejudice to defendants or how the payment of attorneys' fees could be considered a curative condition, designed to alleviate harm to the defendant caused by the dismissal and possible subsequent refiling, where there had been no ruling on the outstanding sanction issues. The undersigned therefore recommitted the matter to the magistrate judge with instructions to consider these issues. *See Kincaid v. Sturdevant*, Case No. 05-2418-JWL, 2007 WL 1341768, at *1 (D. Kan. May 4, 2007).

On August 1, 2007, the magistrate judge issued a Supplemental Report and Recommendation (doc. #167) in which he explained his rationale behind the curative conditions restricting venue and requiring payment of attorney fees. Plaintiff filed objections to the Supplemental Report and Recommendation in which she incorporated her previous objections to those conditions. In response, defendants argued that the curative conditions recommended by the magistrate judge are necessary and warranted.

5

## STANDARD OF REVIEW

This court conducts a de novo review of a party's objections to a report and recommendation by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court must review only "those portions of the report or specified proposed findings or recommendations to which objection is made." § 626(b)(1); *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995). As to those identified portions, the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *Griego*, 64 F.3d at 584.

## DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits the district court to allow a plaintiff to voluntarily dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quotation omitted). Conditions are designed to alleviate any prejudice a defendant might otherwise suffer upon the refiling of a case. *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Consequently, it is well settled that the court "should impose only those conditions which actually will alleviate harm to the defendant." *Id.*

Turning first to the proposed curative condition that plaintiff be required to refile her lawsuit in this court, the magistrate judge provided essentially two reasons for this restriction:

6

(1) allowing defendants to avoid incurring additional attorneys' fees and expenses in having to once again remove this case from state court to federal court, and (2) making sure that there is a mechanism in place for the court to handle outstanding sanction issues attributable to plaintiff's discovery misconduct in this case.

As to the first justification, the court finds that the refiling restriction is not necessary to alleviate any legal prejudice defendants might otherwise suffer upon plaintiff's refiling of this lawsuit in state court. In *American National Bank & Trust Co.*, the Tenth Circuit held that the trial court did not abuse its discretion in refusing to impose a similar condition on the plaintiff's voluntary dismissal of a case that the defendant had removed to federal court. *Id.* at 1412-13. In so ruling, the Tenth Circuit reasoned that the only alleged prejudice would be the resolution of the case in state court, rather than federal court; that prejudice does not automatically result to a defendant from the filing of a second action; and that there is no legal prejudice to the defendant from the trial being held in state court. *Id.* at 1412. The court concluded that "it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court." *Id.* at 1413. While the Tenth Circuit's ruling does not seem to suggest that the court cannot impose this type of refiling condition in appropriate circumstances, the court's reasoning certainly suggests that there should be some justification for the condition beyond the mere possibility that the plaintiff might refile the case in state court and avoid removal to federal court. In this case, just as in *American National Bank & Trust Co.*, defendants have not established that they will suffer legal prejudice if this case is ultimately tried in state

court. Notably, defendants will actually benefit from the dismissal in the sense that plaintiff is asking to dismiss her federal law claims <u>with</u> prejudice. Moreover, plaintiff contends that this court would not have jurisdiction over the refiled case. The court will not decide the hypothetical issue of whether it would have jurisdiction, particularly because that determination would depend on the manner in which plaintiff chooses to pursue her case upon refiling. But, if plaintiff refiles her case in such a way that this court would not have removal jurisdiction, defendants will have no right to trial in federal court because "Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action." *Id.* at 1413. Consequently, the court does not find this rationale a valid basis for imposing the condition restricting the venue for refiling.

The magistrate judge's other justification for this restriction is intertwined with the second curative condition requiring the payment of attorney fees for the four discovery-related motions. By seeking to impose this curative condition, the magistrate judge is essentially proposing to postpone the resolution of, or perhaps altogether obviate the need to resolve, the amount of attorneys' fees and expenses to be paid in connection with the four outstanding discovery motions. While the court can certainly appreciate the efficiencies that might be gained from this approach, it seems to run afoul of the principle that the type of legal prejudice the court must consider in resolving a Rule 41(a)(2) motion is prejudice involving the parties, not the court's time or effort spent on the case. *Cf. Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997) (noting a court abuses its discretion when denying a motion to dismiss under Rule 41(a)(2) based on its own convenience); *Clark v. Tansy*, 13

F.3d 1407, 1411 (10th Cir. 1993) (same). In effect, if the court were to require plaintiff to refile her case in this court, the real justification for doing so would be to allow the court to indefinitely delay its resolution of the lingering discovery sanction issues. This justification, which really is for the convenience of the court rather than the parties, is simply not a legitimate reason for infringing on plaintiff's prerogative to voluntarily dismiss her case without the condition of being required to refile it in this court (that is, in the absence of legal prejudice to the defendants).

Along those same lines, the magistrate judge's proposed curative condition requiring the payment of attorney fees in connection with the outstanding discovery motions is not an appropriate condition on refiling because it is not designed to alleviate harm to the defendants caused by plaintiff's voluntary dismissal and possible subsequent refiling of this lawsuit. The voluntary dismissal of this case and the potential refiling of another lawsuit by plaintiff has not and will not cause defendants to incur duplicative expenses relating to these discovery motions. Plaintiff has not objected to, and therefore has implicitly consented to, defendants being able to use, in any refiled action, any material resulting from discovery already conducted in this case. To the extent that defendants are entitled to their attorneys' fees and expenses in connection with those motions, those fees and expenses are warranted because of discovery violations that have already occurred, not because plaintiff might file another lawsuit. Thus, there is no causal nexus between allowing plaintiff to voluntarily dismiss her state law claims without prejudice, on the one hand, and, on the other hand, awarding defendants their attorneys' fees and expenses for alleged discovery violations that

9

have already occurred in this case. Consequently, this is not an appropriate condition on refiling.

The propriety and amount of those sanctions is an issue that must be determined independently from plaintiff's motion to voluntarily dismiss her case. The extent to which sanctions are warranted under the standards set forth in Rule 37 of the Federal Rules of Civil Procedure is a matter that must be resolved based on litigation conduct that has already occurred. Plaintiff is not entitled to avoid sanctions based on her past discovery misconduct by voluntarily dismissing her case because the court's jurisdiction over those outstanding issues extends beyond any dismissal of the case. *See Heinrichs v. Marshall and Stevens, Inc.*, 921 F.2d 418, 420-21 (2d Cir. 1990) (holding the determination of Rule 37 discovery sanction, like Rule 11 sanctions, is a collateral issue which can be considered after dismissal); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017-18 (5th Cir. 1981) (observing that the Supreme Court has implicitly recognized the authority of district courts to make post-judgment assessments of discovery expenses and attorney's fees under Rule 37). Here, the magistrate judge has already determined that defendants are entitled to an award of attorneys' fees in connection with the CPT defendants' motions to compel and for sanctions (docs. #91 & #110). *See* Order (doc. #120). The magistrate judge also granted the CPT defendants' and defendant Sturdevant's motion to compel (doc. #113) and, in a response to a request by those defendants for their attorneys' fees and expenses in connection with that motion, directed plaintiff to show cause why sanctions should not be imposed. *See* Order

(doc. #120).[4]  These outstanding discovery sanction issues must be resolved regardless of whether plaintiff is permitted to voluntarily dismiss her case.  In other words, to the extent that defendants are entitled to sanctions arising from plaintiff's discovery misconduct in this case, they are entitled to those sanctions regardless of whether plaintiff ever files suit against them again.  Accordingly, the court hereby directs the magistrate judge to resolve those outstanding discovery sanction issues.

Whatever amount the magistrate judge determines to be an appropriate sanction, the court will permit the payment of that amount to be imposed as a condition on refiling <u>only</u> because this would effectively suspend indefinitely plaintiff's obligation to pay those sanctions until such time as she refiles her lawsuit against defendants, and defendants have not asserted any objection to this arrangement.  Thus, plaintiff's "objection" to this so-called "curative condition" is without merit because delaying payment of discovery sanctions to which defendants are already entitled will benefit plaintiff, not defendants.  Consequently, plaintiff cannot be heard to complain about this particular condition because it actually inures to her benefit in the sense that she will be able to at least delay her payment of sanctions, and possibly avoid them altogether if she chooses not to refile her case.  Thus, although the court

---

[4] The AIMCO defendants, on the other hand, did not seek attorneys' fees and expenses in connection with their motion to compel (doc. #126).  This motion technically will be rendered moot by the court's dismissal of this case.  The court notes, however, that plaintiff does not object to the magistrate judge's recommendation that plaintiff be required to serve discovery responses within ten days of refiling the case, the practical effect of which will be to essentially require plaintiff upon refiling to comply with the relief sought by the AIMCO defendants in their motion to compel.

will permit the payment of those sanctions to be imposed as a condition on plaintiff refiling her case against defendants, it is not as a "curative" condition but rather as an indefinite suspension of plaintiff's payment of sanctions to which defendants are already entitled. And, the court is permitting this only because defendants have not asserted any objection to the magistrate judge's recommendation that plaintiff not be required to pay those sanctions unless and until such time as she refiles her lawsuit. In order to allow the magistrate judge time to resolve this issue without impacting when plaintiff may refile her lawsuit, the court will modify the condition somewhat and permit plaintiff to delay payment of the sanctions until such time as plaintiff refiles her case or within ten days after the magistrate judge issues his ruling concerning the amount of those sanctions, whichever occurs later.

Finally, the court wishes to make one final observation concerning plaintiff's motion to voluntarily dismiss her case. A plaintiff seeking a voluntary dismissal is not required to accept whatever conditions the court may impose on the dismissal, and therefore the plaintiff must be permitted to withdraw the motion if the plaintiff finds the conditions to be imposed in connection with the dismissal are too onerous. *See Mother & Father v. Cassidy*, 338 F.3d 704, 713 (7th Cir. 2003); *Duffy v. Ford Motor Co.*, 218 F.3d 623, 631 (6th Cir. 2000); *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986). Here, it appears that the impetus for plaintiff's motion was to avoid lingering sanction issues, *see* Supplemental Report and Recommendation (doc. #167), at 8 (observing that the timing of plaintiff's motion to dismiss gave "the appearance of a tactical effort to evade imminent discovery sanctions in this case"), and the court's current ruling means that plaintiff will not necessarily be able

to avoid those sanctions. Specifically, once the magistrate judge determines the appropriate amount of the sanctions, plaintiff can avoid paying them if she does not refile her case (but only because defendants have implicitly consented to that arrangement by virtue of not objecting to the magistrate judge's report and recommendation) but plaintiff will be required to pay those sanctions if she ultimately refiles her case. Thus, if plaintiff feels that this condition on dismissal is too onerous, she shall file a notice withdrawing her motion to dismiss no later than **October 10, 2007**.

**IT IS THEREFORE ORDERED BY THE COURT** that the court is prepared to grant Plaintiff's Motion to Dismiss (doc. #141) in the sense that the court hereby adopts the magistrate judge's initial Report and Recommendation (doc. #162) to the extent that it was unopposed and the court sustains plaintiff's objections to the magistrate judge's Supplemental Report and Recommendation (doc. #167).

If plaintiff feels that the conditions of dismissal are too onerous, she shall file a notice withdrawing her motion to dismiss no later than **October 10, 2007**. Unless plaintiff files such a notice, on **October 11, 2007**, the court will grant plaintiff's motion to dismiss and enter an order and corresponding judgment ordering the federal law claims in plaintiff's amended complaint to be dismissed with prejudice and her state law claims to be dismissed without prejudice, subject to the following conditions on refiling:

1.) Plaintiff shall pay the defendant(s) named in that lawsuit any sanctions to which the magistrate judge determines they are entitled upon plaintiff's

>   refiling of her case or within ten days after the magistrate judge issues his ruling concerning the amount of those sanctions, whichever occurs later;
>
> 2.) Plaintiff shall provide written discovery responses, without objection, to the discovery already served within ten days of refiling the case;
>
> 3.) Plaintiff shall consent to the use, in any refiled action, of any material resulting from any discovery already conducted in this case; and
>
> 4.) Should plaintiff refile this case and fail to meet the above conditions, the court shall, upon motion by defendants, convert this dismissal into a dismissal with prejudice.

**IT IS FURTHER ORDERED THAT** the magistrate judge is directed to resolve any lingering sanction issues in connection with the four discovery-related motions that were the subject of the magistrate judge's proposed curative condition. The requirement that plaintiff pay those sanctions is suspended indefinitely pending plaintiff's refiling of her lawsuit or ten days after the magistrate judge issues his ruling concerning the amount of those sanctions, whichever occurs later.

Case 2:05-cv-02418-JWL-DJW   Document 173   Filed 09/27/07   Page 15 of 15

**IT IS SO ORDERED** this 27th day of September, 2007.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
