IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER K. KINCAID,

    Plaintiff,

v.

STACY STURDEVANT, et al.,

    Defendants.

Civil Action

Case No. 05-2418-JWL

## ORDER REGARDING DISCOVERY SANCTIONS

By Memorandum and Order dated September 27, 2007 (doc. 173), District Judge John W. Lungstrum ordered the Magistrate Judge to resolve any lingering sanction issues in connection with the four discovery-related motions that were the subject of the Magistrate Judge's proposed curative conditions regarding Plaintiff's Motion to Dismiss Counts With Prejudice and Without Prejudice. This Order resolves the lingering sanction issues related to the following four discovery motions:

(1) The CPT Defendants' Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91),

(2) The CPT Defendants' Motion for Discovery Sanctions Against Plaintiff Pursuant to Fed. R. Civ. P. 37(b)(2) and/or 37(c)(1) (doc. 110),

(3) The CPT Defendants' and Sturdevant's Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113), and

(4) The AIMCO Defendants' Motion to Compel Plaintiff to Respond to Discovery Requests (doc. 126).

**I.    The CPT Defendants' Motion to Compel and Motion for Discovery Sanctions (docs. 91 and 110)**

On July 17, 2006, the CPT Defendants filed a Motion to Compel Plaintiff to Provide Complete Damages Information as Required by Fed. R. Civ. P. 26(a)(1)(C) (doc. 91). Plaintiff never filed any opposition to the motion within the fourteen-day time period provided by D. Kan. Rule 6.1(d)(1). On August 3, 2006, the Court granted the CPT Defendants' motion as unopposed under D. Kan. Rule 7.4, and ordered Plaintiff to serve her supplemental Initial Disclosures by August 18, 2006. The Order further required Plaintiff to show cause by August 18, 2006 why she should not be ordered to pay the CPT Defendants' reasonable expenses, including attorneys' fees, incurred in making their motion to compel. Plaintiff never filed a response to the Court's show cause order.

On September 6, 2006, the CPT Defendants filed their Motion for Discovery Sanctions (doc. 110). They requested that the Court enter an Order (1) barring Plaintiff from recovering any damages other than those items disclosed in her Initial Disclosures served on June 16, 2006; and (2) directing that Plaintiff pay the CPT Defendants' reasonable expenses, including attorneys' fees, incurred in connection with their Motion to Compel Plaintiff to Provide Complete Damages Information and the Motion for Discovery Sanctions. In support of their motion, they stated that Plaintiff failed to serve any supplemental Initial Disclosures by August 18, 2006, as directed by the Court's August 3, 2006 Order, and Plaintiff had never served any supplemental damage disclosures. Plaintiff never filed any response in opposition to the CPT Defendants' Motion for Discovery Sanctions.

By Memorandum and Order dated October 31, 2006 (doc. 120), the Court granted the CPT Defendants' request for an award of expenses and attorneys' fees against Plaintiff, and ordered the CPT Defendants' to file affidavits itemizing their expenses and attorneys' fees that the CPT

2

Defendants incurred in bringing their Motion to Compel Plaintiff to Provide Complete Damages Information and Motion for Discovery Sanctions.

On November 15, 2006, counsel for the CPT Defendants filed an affidavit (doc. 124) itemizing the attorneys' fees and expenses incurred in connection with their Motion to Compel and Motion for Sanctions. According to the affidavit, the CPT Defendants incurred attorneys' fees totaling $2,149.50 in making the two motions.

The Court has reviewed the affidavit of counsel for the CPT Defendants (doc. 124), which itemizes the attorneys' fees and expenses incurred in connection with their Motion to Compel and Motion for Sanctions. The affidavit indicates that the CPT Defendants incurred attorneys' fees totaling $2,149.50 in making the two motions. The Court finds that the amount set forth in counsel's affidavit is reasonable. **<u>Plaintiff is therefore ordered to pay the CPT Defendants $2,149.50 within ten (10) days of the date of this Order or upon the refiling of her lawsuit, whichever occurs later</u>**.

## II.     The CPT Defendants' and Sturdevant's Joint Motion to Compel (doc. 113)

On September 19, 2006, the CPT Defendants and Defendant Sturdevant filed a Joint Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents (doc. 113). In the motion, Defendants requested their attorneys' fees and costs associated with Plaintiff's failure to respond to these discovery requests and the filing of the motion to compel. Plaintiff never filed any response in opposition to the motion.

In its October 31, 2006 Memorandum and Order, the Court granted the Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (doc. 113) and ordered Plaintiff

to show cause by November 27, 2006 why she or her counsel should not be ordered to pay Defendants' reasonable expenses, including attorneys' fees, incurred in making the motion.

On November 27, 2006, Plaintiff filed her Response (doc. 130) to the Court's October 31, 2006 show cause order, in which she asserted that certain circumstances made an award of Defendants' expenses in filing the motions unjust. Those circumstances included her counsel's reliance on three other attorneys agreeing to enter their appearances and assist with the prosecution of this case but then never entering their appearances. The Response further stated that Plaintiff's discovery responses were delayed due to the relocation of counsel's office and loss of office personnel during the time the discovery responses were due. Plaintiff stated that she had since served her responses to the CPT Defendants and Defendant Sturdevant's discovery requests as ordered by the Court.

Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of the moving party's expenses if the motion to compel discovery is granted or "if disclosure or requested discovery is provided after the motion was filed." Under the Rule, the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to compel discovery to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees, unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust.[1]

The Court finds that none of the exceptions listed in Fed. R. Civ. P. 37(a)(5)(A) should apply here. The CPT Defendants and Defendant Sturdevant have shown in their motion to compel that

---

[1] Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii) (Rule renumbered by Dec. 1, 2007 amendments).

4

they made good faith attempts to obtain the discovery from Plaintiff without court action. Plaintiff has not shown that her nondisclosure was substantially justified. Finally, the Court finds that Plaintiff has failed to show that other circumstances make any award of expenses unjust. Plaintiff's responses to the interrogatories and requests for production at issue in the motion to compel were originally due on July 31, 2006. After several requesting several extensions of time from the CPT Defendants, Plaintiff did not serve her responses until well after the CPT Defendants and Defendant Sturdevant filed their Joint Motion to Compel and the Court ordered her to show cause why she should not be ordered to pay their expenses in filing the motion. Plaintiff counsel's reliance on three other attorneys agreeing to enter their appearances to assist with the case, his office relocation, and loss of office personnel, while unfortunate, do not constitute other circumstances of the case that would make an award of expenses unjust. The Court, therefore, determines that Plaintiff should be ordered to pay the reasonable expenses of the CPT Defendants and Defendant Sturdevant in making this motion.

To aid the Court in determining the proper amount to award as reasonable expenses, counsel for the CPT Defendants and Defendant Sturdevant shall file, by **January 11, 2008**, affidavits itemizing the expenses and attorney's fees that the CPT Defendants and Defendant Sturdevant have incurred in bringing their Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (doc. 113). Plaintiff or her counsel shall have until **January 25, 2008**, to file responses to the affidavit. Thereafter, the Court will issue a final order specifying the amount of the sanctions on this motion.

**III.    The AIMCO Defendants' Motion to Compel (doc. 126)**

The AIMCO Defendants filed their Motion to Compel Plaintiff to Respond to Discovery Requests (doc. 126) on November 24, 2006. Plaintiff filed her response to the motion on December 22, 2006 (doc. 142). In her response, she requested that the Court deny the AIMCO Defendants' Motion to Compel as moot in light of her filing her motion to dismiss the amended complaint. The Court denied the AIMCO Defendants' Motion to Compel without prejudice on September 28, 2007 (doc. 174). The Court finds that it would not be appropriate to order Plaintiff to pay the AIMCO Defendants' reasonable expenses for filing this motion.

**IT IS THEREFORE ORDERED THAT** the Court finds the CPT Defendants have incurred reasonable expenses of $2,149.50 related to the filing of their Motion to Compel Plaintiff to Provide Complete Damages Information (doc. 91) and Motion for Discovery Sanctions (doc. 110). **Plaintiff shall pay the CPT Defendants $2,149.50 within ten (10) days of the date of this Order or upon the refiling of her lawsuit, whichever occurs later**.

**IT IS FURTHER ORDERED THAT** by **January 11, 2008**, counsel for the CPT Defendants and Defendant Sturdevant shall file affidavits itemizing their expenses and attorneys' fees incurred in bringing their Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production (doc. 113). Plaintiff shall have until **January 25, 2008**, to file any response to the affidavits.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 27th day of December, 2007.

                                            s/ David J. Waxse
                                            David J. Waxse
                                            United States Magistrate Judge

cc:    All counsel and *pro se* parties